United States District Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOE GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00159 |
| | § | |
| EMILIO MONTEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Plaintiff Rodney Joe Garrett filed this lawsuit pro se against Defendant Officers Emilio Montez and Marcos Perez, alleging that they filed false disciplinary cases against him in retaliation for Plaintiff filing a grievance related to his prison work schedule. On July 20, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiff's claims with prejudice. D.E. 16. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). He timely filed objections on July 31, 2026. D.E. 18.

**STANDARD OF REVIEW**

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not

constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A. Retaliation Claims

The Magistrate Judge concluded that Plaintiff failed to state a claim for retaliation because the facts alleged do not support retaliatory intent or causation. D.E. 16, pp. 12-15. The Magistrate Judge noted that the Garza West Unit was experiencing staffing shortages, and the alleged facts indicated that Defendants' intent was "to compel Plaintiff to report to work as ordered, not to retaliate." *Id.* at 13.

Plaintiff's retaliatory claim is basically that Defendants filed false disciplinary cases against him in retaliation for filing a grievance to limit his work hours and prevailing on that grievance. Plaintiff contends that the fact that his coworkers had also refused to work, but were not disciplined, shows retaliatory intent and causation. D.E. 18, pp. 1-2. He claims that the only difference between him and his coworkers is that he had filed a grievance, complaining of having to work extra shifts. And he had prevailed, which upset Defendants. Additionally, Officer Montez threatened to bring additional disciplinary cases if Plaintiff

did not work. Plaintiff states that Officer Montez mentioned a connection between Plaintiff's grievance and Montez's threat to write a false case against Plaintiff. *Id.*, p. 1.

The Court finds that the Magistrate Judge correctly concluded that the alleged facts do not plausibly support the requisite intent to retaliate or causation. The objection regarding Plaintiff's retaliation claims is **OVERRULED**.

**B. Malicious Prosecution Claims**

The Magistrate Judge concluded that Plaintiff's malicious prosecution claims in connection with the disciplinary cases fail for the same reasons as his retaliation claims. D.E. 16, p. 17. To prevail on a malicious prosecution claim, a Plaintiff must show malice. *See Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (citing *Gordy v. Burns*, 294 F.3d 722 (5th Cir. 2002)). The Magistrate Judge found that the facts regarding malice by Defendants were conclusory and did not support malice." *Id.* "Defendants' actions of directing an inmate to report to work and writing the inmate a disciplinary case when he complained or resisted the officers['] instructions were not such to raise a constitutional claim." *Id.* Plaintiff objects, arguing again that the absence of disciplinary cases against his coworkers, who also refused to work, plausibly shows malice. D.E. 18, p. 3. And the filing of false cases suggests ill will and is "inherently malicious." *Id.*

For the reasons stated by the Magistrate Judge, Plaintiff has failed to plausibly allege malice or that Defendants were motivated by an improper purpose. The objection is **OVERRULED**.

### C. Leave to Amend

The Magistrate Judge recommended denying Plaintiff leave to amend his complaint because he was given an opportunity to explain his claims at a *Spears* hearing and he also filed a supplement to his complaint, which the Magistrate Judge considered. D.E. 16, p. 19. Plaintiff complains that he should be granted leave to amend his complaint. He argues that, on his original complaint form, he was obligated to give a short plain statement of the facts. D.E. 18, p. 2. And the supplement was simply a letter to the Magistrate Judge that he did not think could be used to "punish" him. *Id.* at 5. Plaintiff proposes specific line edits and additions to his complaint that he contends cure the defects. *Id.* at 3-5.

The Magistrate Judge correctly found that Plaintiff had a full opportunity to explain his claims. Plaintiff is not being "punished" for filing a supplement. Instead, the Magistrate Judge found that despite having several chances to state plausible claims, including at a *Spears* hearing and with his supplement, Plaintiff has failed to do so. Plaintiff's proposed amendments in his objections do not cure the defect in his claims. *See* D.E. 18, pp. 3-5. Leave to amend in this case would be futile because Plaintiff's proposed amendments may alter terminology, but do not allege any facts beyond those that the Court has concluded do not state plausible claims. Therefore, the objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the

Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 16). Accordingly, Plaintiff's claims are **DISMISSED with prejudice** and leave to amend is **DENIED**.

The Court **ORDERS** that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on September 14, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE